Response to the Petition for a Re-hearing.
(By Judge Marshall)
December 24.
In the opinion delivered in this case in 1834, when it was first here, this Court assumed that the ejectment of , , , Hardage Smith against Conley, was commenced by service of the declaration and notice on Conley, on the 18th J ’ of February, 1814. Jones vs. Chiles, 2 Dana, 32. The question as to the time when that action was commenced, arises on the record of the action itself, and is therefore essentially the same now as when the case was first here; and for this reason, as well as because we concurred in the former decision, the same day was assumed in the opinion delivered at the present term, without any * •* / w formal statement or discussion of the question. We shall now, in response to the petition for a re-hearing, „ , . 7 , . . . - . 07 refer briefly to the tacts as they appear in that record,
The style of the suit is, “John Den, on the demise of Hardage Smith, against Richard Fen, t. e. Arthur Con-nelly, tenant in'possession.” ■
It is first noticed in Court on the 15th of April, 1814, at which day, the record says, the plaintiff came, and it appearing that the said tenant in possession had been duly served with a copy of the plaintiff’s declaration and notice &c. — thereupon the common order was made. If , i T , •, any order was made at the July term, 1814, it is omitted in this record. At the October term, 1814, the re- , . . . ■ . . 7 cord states, that, it appearing to the satisfaction of the *546 Court that the papers in this cause had been stolen out of the clerk’s desk in the court-house, during the sitting of the Court — therefore, the plaintiff, on motion, was allowed to file a new declaration, and the clerk was directed to endorse thereon, that the original declaration was served on the 18th day of February, 1814.
At the April term, 1816, the record states that the parties appeared, and the cause was continued at the defendants’ costs; and, at the July term, it was also continued at the defendants’ costs.
At the October term, 1815, the death of the defendant is stated, and a scire facias is awarded against Thom■as Conley and others, heirs of said Arthur Conley.
A subsequent order, of July, 1816, which was served •on the heirs of Arthur Conley, states that, it appearing that Arthur Conley, who has been admitted a defendant herein, has, since said admission, departed this ■life, therefore a conditional order was made, that certain -persons, named as his widow and heirs, should enter themselves defendants, in room of the casual ejector, -&c. &c.
At the July and October terms, 1816, the heirs of Arthur Conley were admitted as defendants.
At the July term, 1817, the heirs of William Hays, •under whom Chiles claims title, were also admitted as • defendants.
At the April term, 1818, the plaintiff was allowed to -change the demise in the declaration; and, at the same ¡term, the cause was tried, and a verdict and judgment -rendered for the plaintiff, and an injunction was awarded which stayed the execution of the judgment; but, in 1829 and 1830, the land was delivered toHardage Smith, -or those claiming under him.
We think the record proves conclusively, that the de•claration and notice were served on Arthur Conley, as -the tenant in possession, before the 15th day of April, 1814, and that, if he did not formally make himself defendant at the July term, 1814, which is probable, he was regarded as the defendant, and appeared and continued the cause, as such, in 1815, after the endorsement was made on the new declaration; and the pre *547 sumption is, that, if he was not present when that endorsement was made, he knew of it shortly afterwards, and had an opportunity of correcting it, or of obviating its effects, if it was false. It is certain .that his heirs and the heirs of his vendor, Hays, had ample opportunity of doing so. And as, from what now appears, the length of Conley’s possession before the service of process, must have been the only ground of defence against the elder patent under which Smith claimed, the failure of all of these parties to make any movement on the subject, is sufficient, at least, in the absence of all countervailing proof, to establish the verity of the endorsement on the new declaration.
It is competent for a court to sup ply the loss of papers that have been stolen from its officers. Qu. whether notice to an adverse party, of a motion to have the loss of papers supplied, would be indispensable.
It cannot be- admitted that when the papers of a suit are stolen in the very presence of the Court, and perhaps by a party interested, there is no power in the Court to supply the loss. The question, however, is not whether the mode adopted in this case was the proper one. But the case, even as to this question, is very different from that of Hutchcraft and Gentry, where the process was supplied, not before judgment, as in the present case, but after judgment, and after the parties were out of Court. The. question here is, whether the statement put upon the record by the Court, and which must be presumed to have been based upon sufficient evidence at the time, after-remaining so long uncontra-dicted by the parties who were interested in contradicting it, and had an opportunity of doing so, and being still wholly uncontradicted, is not to be taken, after the lapse of twenty years, as proof of the fact stated. . We think it is.
. As to the identity of the land sued for in that ejectment, there is no difficulty. The land of which the possession was delivered under the judgment, is the very land of which Conley had possession in 4814, as proved ‘by the proceedings in the suit, and under the judgment, and when the ejectment was commenced, as also proved by his son, Thomas Conley, who deposes in this case; and who says that the ejectment was commenced against his father in 1814. If commenced in *548 1814, it must have been before the 15th of April, when the declaration was returned into Court. If there had been proof that it was not commenced until April, the case upon the facts would have been but slightly varied. And it is only because the Circuit Court, in its instructions to the jury, assumed, as this Court had done before, that it was commenced on the 18 th of February, 1814, that the precise day has become important. We think the Court was justified in assuming that as the date of the service.
Other points presented in the petition, have been again considered, but we have not found sufficient reasons to change our opinion in regard to them, or to render it probable that a change will be produced by a re-argument. Nor do we deem it necessary to add any thing to the reasons by which they are supported in the opinion as delivered.
Wherefore the petition is overruled.